UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD SERIGNY** | \* | **CIVIL ACTION NO.  14-0598** |
| **VERSUS** | \* | **CHIEF JUDGE DEE D. DRELL** |
| **CHEVRON U.S.A., INC., ET AL.** | \* | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to remand [doc. # 36] filed by plaintiff Richard Serigny.  The motion is opposed.  For reasons stated below, it is recommended that the motion be GRANTED.

## Background

On December 20, 2013, Louisiana domiciliary, Richard Serigny, filed the instant "Seaman's Petition for Damages" against eleven defendants in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.  Plaintiff grouped the parties into two categories: 1) the Jones Act employer-defendants comprised of Eymard Real Estate Corporation and United Tugs, Inc. (both Louisiana corporations); and 2) the Product/Premises defendants, consisting of some nine oil companies, Chevron Chemical Company, L.L.C.; Chevron U.S.A., Inc.; ConocoPhillips Company; ExxonMobil Oil Corporation; Huntsman Petrochemical L.L.C.; Murphy Oil USA, Inc.; Shell Chemical LP; Shell Oil Company; and Union Oil Company of California.

Plaintiff alleges that defendants, collectively, exposed him to benzene and benzene-containing products while he was employed as a seaman aboard various vessels thirty-plus years

ago, between 1962 and 1976.  As a result, he developed multiple myeloma.  Plaintiff seeks recovery via the Jones Act, 46 U.S.C. § 30104, and general maritime law pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333.  He did not demand a jury trial.

On March 20, 2014, ConocoPhillips Company ("ConocoPhillips") and ExxonMobil Oil Corporation ("ExxonMobil") removed the matter to federal court on the twin grounds of federal question and admiralty/maritime jurisdiction.  28 U.S.C. §§ 1331 & 1333.  On April 17, 2014, plaintiff timely filed the instant motion to remand the case to state court on the basis of improper removal, i.e., the absence of removal jurisdiction.  Defendants filed opposition memoranda on May 7 and 8.  [doc. #s 39-44].  Plaintiff filed multiple replies and supplemental replies from May 12 through August 1, 2014.  [doc. #s 45-46, 49, 52, 57].  Briefing is now complete; the matter long since ripe.

## Law and Analysis

It is axiomatic that federal courts are courts of limited jurisdiction, and possess solely that authority conferred by the Constitution and statute, which cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994) (citation omitted).  Thus, a case is presumed to lie outside the federal courts' limited jurisdiction, until the party invoking the federal forum is able to demonstrate the contrary.  *Id*.  Further, "[t]he right to remove a case from state to federal court derives solely from the statutory grant of jurisdiction in 28 U.S.C. § 1441 . . ." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (citation omitted).  "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362,

2

365-66 (5th Cir. 1995) (citations omitted).

Here, it is manifest that plaintiff's claims under the general maritime law and the Jones Act confer original subject matter jurisdiction,[1] and thus, plaintiff *could have* filed suit initially in federal court had he so elected. Instead, plaintiff exercised his option to prosecute his claims in state court. Therein lies the difficulty for defendants, however, because, generally, neither Jones Act cases,[2] nor "[g]eneral maritime claims saved to suitors" are removable to federal court.[3] In other words, federal courts generally cannot exercise *removal* jurisdiction over Jones Act cases and/or maritime claims subject to the savings to suitors clause. *Williams*, 985 F.2d at n.7 (maritime claims saved to suitors); *see Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117 (5th Cir. 1987) (en banc) (Jones Act).[4] The cognizable exceptions are limited.

a)  General Maritime Law

A general maritime law claim, brought in state court under the savings to suitors clause,

---

[1] *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 360 n.1 (5th Cir. 1999) (general maritime law could have been filed in federal court); *Powell v. Offshore Nav., Inc.*, 644 F.2d 1063, 1067 (5th Cir. 1981) (Unit A) (jurisdiction of a Jones Act claim is founded on general federal question jurisdiction, 28 U.S.C. § 1331).

[2] *Fields*, 182 F.3d at 356 (citation omitted). The Jones Act, 46 U.S.C. App. § 688, incorporates general provisions of the Federal Employers' Liability Act, which expressly bars removal of suits thereunder. *Id*. (citing 28 U.S.C. § 1445(a)); *Addison v. Gulf Coast Contracting Servs., Inc.*, 744 F.2d 494, 498 n.3 (5th Cir. 1984) (Congress has explicitly prohibited removal of Jones Act claims).

[3] *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79, 79 S.Ct. 468 (1959)). The "savings to suitors" clause of 28 U.S.C. § 1333 renders admiralty claims non-removable. *Williams v. M/V SONORA*, 985 F.2d 808, 812 (5th Cir. 1993).

[4] It also is of no moment that plaintiff did not demand a jury in this case, as a jury trial is not an element of a "saving to suitors" remedy. *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1487 (5th Cir. 1992).

may be removed where there is some basis for original federal jurisdiction other than admiralty, such as diversity of citizenship or a statute. *Fields*, 182 F.3d at n.1. (citations omitted). Indeed,

> [t]he "saving to suitors" clause does no more than preserve the right of maritime suitors to pursue nonmaritime *remedies.* It does not guarantee them a nonfederal *forum,* or limit the right of defendants to remove such actions to federal court **where there exists some basis for federal jurisdiction other than admiralty**.

*Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) (citing *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir.1981) (emphasis in bold added).

Citing such district court decisions as *Harrold v. Liberty Insurance Underwriters, Inc.*,[5] and *Ryan v. Hercules Offshore, Inc.*,[6] removing defendants argue that, via the recent passage of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Congress altered the removal statute to foster liberal removal of general maritime law claims to federal court. This argument is premised upon language from *In Re Dutile* in which the Fifth Circuit cited *Romero v. International Terminal Operating Co., supra*, and the second sentence of former § 1441(b) to conclude that "admiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship." *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).[7]

Because admiralty claims do not arise under the Constitution, treaties, or laws of the

---

[5] Civil Action No. 13-0762, 2014 WL 688984 (M.D. La. Feb. 20, 2014).

[6] 945 F. Supp. 2d 772, 777 (S.D. Tex. 2013).

[7] Prior to the amendment, the removal statute provided that
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of parties. *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
28 U.S.C. § 1441(b) (2010) (emphasis added).

United States, they necessarily fell into the catchall "any other [civil] action" category, and thereby were subjected to the non-forum defendant limitation of the second sentence of § 1441(b). *In Re Dutile, supra*. The JVCA amended § 1441(b) to clarify that the non-forum defendant bar applies solely to civil actions that are removable on the basis of the court's diversity jurisdiction.[8] Despite no statement by Congress that it intended the JVCA to liberalize the removability of general maritime law cases,[9] defendants maintain that the amendment dispensed with the independent jurisdictional basis requirement for removal of general maritime claims.

Defendants' preferred interpretation, however, does not withstand scrutiny. Foremost is the fact that former § 1441(b) was not the source for prohibiting the removal of admiralty and general maritime law claims absent an alternative jurisdictional basis (i.e., diversity or federal question). Rather, in *Romero*, the Supreme Court plainly stated that "[e]xcept in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts." *Romero*, 358 U.S. at 363, 79 S. Ct. at 475. The court added, that "[t]he removal provisions of the original

---

[8] The statute now reads,
**(b) Removal based on diversity of citizenship.--(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. **(2)** *A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title* may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
28 U.S.C. § 1441(b) (2014) (emphasis added).

[9] According to the associated report from the House Committee on the Judiciary, "Proposed paragraph 1441(b)(2) restates the substance of the last sentence of current subsection 1441(b), which relates only to diversity. (The first sentence currently in subsection 1441(b) is deleted because its reference to Federal question jurisdiction is addressed in the first sentence of subsection 1441(a).)" (H. R. Rep. No. 112-10, at 12 (2011); Opp. Memo., Exh. B [doc. # 40]).

5

Judiciary Act of 1789, 1 Stat. 79, conferred a limited removal jurisdiction, not including cases of admiralty and maritime jurisdiction.  In none of the statutes enacted since that time have saving-clause cases been made removable." *Id.*, at n.16.

In construing *Romero*, long before *Dutile*, the Fifth Circuit remarked that "[*Romero*] "made clear that except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts.  For this case to have been cognizable in federal court all requirements of 28 U.S.C. § 1332 must have been present at the time of the attempted removal." *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961).  The court later added that the savings clause also did not prevent removal of maritime claims when original jurisdiction was premised on something other than admiralty.  *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 155 (5th Cir. 1996).

More recently, the Fifth Circuit reconfirmed that maritime claims under 28 U.S.C. § 1331 "are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims . . . and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (citations omitted).  Importantly, the Fifth Circuit interpreted the JVCA as merely clarifying that § 1441(b)'s non-forum defendant requirement only applies to cases removed on the basis of diversity, and not to cases that were filed in state court under the saving-to-suitors exception and subsequently removed under federal question jurisdiction.  *Barker, supra*.  In other words, the amendment to § 1441(b) redressed the conundrum that the Fifth Circuit identified, but dodged in *Tennessee Gas Pipeline, supra*.

Furthermore, not unlike the issue presently before this court, the Supreme Court in

6

*Romero* was tasked with deciding whether the Judiciary Act of 1875 which granted jurisdiction to the lower federal courts "of all suits of a civil nature at common law or in equity, . . . arising under the Constitution or laws of the United States, . . ." also had the effect of authorizing maritime claims to be brought on the law side of the federal courts, absent diversity jurisdiction. *Romero, supra*. Declining to upset the longstanding, shared jurisdiction between state and federal courts in matters of admiralty and general maritime law, the Court remarked that

> [t]he historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since saving-clause actions would then be freely removable under § 1441 of Title 28, 28 U.S.C.A. § 1441. The interpretation of the Act of 1875 contended for would have consequences more deeply felt than the elimination of a suitor's traditional choice of forum. By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve.

*Romero*, 358 U.S. at 372, 79 S. Ct. at 480.

This same rationale applies with equal force to the recent amendment to § 1441(b).

In sum, the undersigned is compelled to join the growing chorus of district courts that have concluded that the JVCA did not upset the long-established rule that general maritime law claims, saved to suitors, are not removable to federal court, absent some basis for original federal jurisdiction other than admiralty.[10] While the undersigned appreciates the argument in favor of

---

[10] *See Gabriles v. Chevron USA, Inc.*, Civ. Action No. 14-0669, 2014 WL 2567101 (W.D. La. June 6, 2014) (Haik, J.); *Porter v. Great Am. Ins. Co.*, Civ. Action No. 13-3069, 2014 WL 3385148 (W.D. La. July 9, 2014) (Walter, J.); *Perrier v. Shell Oil Co.*, Civ. Action No. 14-0490, 2014 WL 2155258 (E.D. La. May 22, 2014) (Zainey, J.); *Dyche v. US Envtl. Servs., LLC*, Civ. Action No. 14-0394, 2014 WL 5473238 (E.D. Tex. Oct. 30, 2014) (Crone, J.) (and cases cited therein).

revisiting this enduring principle,[11] any course correction remains within the exclusive domain of the higher court(s) or Congress, via explicit legislation.

b)     The Jones Act[12]

In its opposition memorandum, United Tugs, Inc., one of the two Jones Act defendants, argues that because plaintiff was not employed by United Tugs from 1961 until 1967, and also because United Tugs did not own any boats or barges during those years, plaintiff necessarily does not have a viable Jones Act claim against United Tugs, i.e., plaintiff's Jones Act claim was fraudulently pleaded in an attempt to thwart removal. Indeed, "[t]he express language of the Jones Act requires that an employer-employee relationship exist before liability may be imposed." *Volyrakis v. M/V Isabelle*, 668 F.2d 863, 865-66 (5th Cir. 1982) (citations omitted), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987). On the other hand, however, "[t]he employer need not be the owner of the vessel . . . and independent contractors may be liable under the Act." *Id*. (citations omitted).

A "fraudulently pleaded Jones Act claim does not bar removal." *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir. 1999) (citation omitted). Thus, "in certain circumstances defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir.

---

[11] *See e.g.*, Steven F. Friedell, *The Disappearing Act: Removal Jurisdiction of an Admiralty Claim*, 30 Tul. Mar. L.J. 75 (2006).

[12] Having determined that plaintiff's general maritime law claims are not removable absent some basis for original federal jurisdiction, this issue arguably is superfluous. However, for the sake of completeness, the court will briefly address it.

1995) (citing *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir.1993)) (internal quotation marks omitted). However, "[t]he court may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in the plaintiff's favor, the court determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim on the merits." *Hufnagel, supra*.

Here, United Tugs adduced the affidavit of its former in-house accountant, Ronald Callais, who averred that from 1961 until he left the company in 1967, United Tugs employed solely office personnel. (Affidavit of Ronald Callais; United Tugs Opp. Memo., Exh. A). Also during this same period, United Tugs did not own, operate, or charter any boats or barges. *Id*.

Plaintiff, in response, submitted his own affidavit in which he swore that in the 1960's, and almost certainly before 1967, he worked on the "Captain Mitch," a United Tugs vessel. (Affidavit of Richard Serigny; Pl. Reply Memo., Exh. A). Even if he were mistaken on the dates, plaintiff remains certain that United Tugs employed him as a tankerman on its vessels on navigable waters contributing to the function of the vessels. *Id*.

For purposes of this motion, the court must resolve this factual dispute in favor of plaintiff. Having done so, it is manifest that United Tugs has not established that plaintiff has no reasonable possibility of prosecuting his Jones Act claim.[13] The continued viability of plaintiff's

---

[13] In its opposition, United Tugs asked for permission to perform limited jurisdictional discovery in the event that the court were to determine that plaintiff sufficiently pleaded a Jones Act claim. (Opp. Memo., pg. 5). However, ever since May 13, 2014, when plaintiff filed his countervailing affidavit, United Tugs was aware that there were disputed facts that the court would be compelled to resolve in favor of plaintiff. Nonetheless, in the intervening six months, United Tugs has not adduced any additional evidence, nor otherwise sought to defer resolution of the motion pending jurisdictional discovery. Under the circumstances, United Tugs' request is denied.

Jones Act claims precludes removal, and compels remand.[14]

c)     Severance[15]

The JVCA also amended § 1441(c), which now reads that "[i]f a civil action includes – **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title) and **(B)**" a claim not within the original or supplemental jurisdiction of the district court or that is nonremovable by statute, then the entire action may be removed, and court shall sever and remand the latter claim(s). 28 U.S.C. § 1441(c)(1)-(2).

Here, the civil action does not contain any paragraph (A) claims;[16] thus, by its own terms, § 1441(c) is inapplicable.[17] Recognizing this (and had the court determined that general maritime law claims were removable) removing defendants urge the court instead to employ Rule 21 to sever the non-removable Jones Act claims. The undersigned, however, is not persuaded that Rule 21 can be used in this fashion. The federal courts, in adopting rules, are not free to extend (or constrain) the jurisdiction conferred by statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 135,

---

[14] In addition, plaintiff enjoys a viable Jones Act claim against defendant, Eymard Real Estate Corporation, which conceded, in brief, that it did not have sufficient information to contest plaintiff's allegations. (Opp. Memo., pg. 3 [doc. # 43]).

[15] Having determined that plaintiff's Jones Act and general maritime law claims are not removable, the issue of severance appears to be moot. However, to the extent that the issue may become relevant on appeal, the court will briefly address it.

[16] General maritime law claims do not arise under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title). *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d at 153 (citations omitted). Jones Act claims are non-removable by statute. *See* discussion, *supra*.

[17] *Freeman v. Phillips 66 Co.*, Civ. Action No. 14-0311, 2014 WL 1379786, at *5 (E.D. La. Apr. 8, 2014) (Engelhardt, J.; *Gregoire v. Enter. Marine Servs., LLC*, Civ. Action No. 14-0840, 2014 WL 3866589, at *9 (E.D. La. Aug. 6, 2014) (Duval, J.); *Marvin v. Am. Exp. Lines Inc.*, Civil Action No. 14-0316, 2014 WL 4924341, at *4 (M.D. La. Sept. 30, 2014) (Riedlinger, M.J.).

112 S. Ct. 1076, 1079 (1992) (citation omitted).  Defendants' proposed construction of Rule 21 would transgress this maxim by expanding the limited reach of § 1441(c) beyond that prescribed by Congress.[18]

### Conclusion

Pursuant to plaintiff's timely motion, and for the above-assigned reasons, the undersigned finds that the court does not enjoy removal jurisdiction to entertain this matter.  Remand is required.  28 U.S.C. § 1447(c).  Accordingly,

IT IS RECOMMENDED that the motion to remand [doc. # 36] filed by plaintiff Richard Serigny be GRANTED, and the case REMANDED to the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[18] Upon remand, defendants may petition the state court to sever the non-diverse parties and claims, thus potentially establishing the requisite conditions to support removal.  *See Creadeur v. Atl. Richfield Co.*, Civ. Action No. 14-0695, 2014 WL 2999261, at *6-7 (W.D. La. July 3, 2014).

11

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 10th day of November 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE